HARRY SCHAFRAN v. MARION R. HARRIS

No. 7311SC234

(Filed 14 March 1973)

**Bills and Notes § 8— note not signed by comaker as accommodation party**
     In an action to recover an amount paid by plaintiff in discharge of a promissory note executed by plaintiff and defendant in 1970 in renewal of a 1969 note which also had been cosigned by the parties, a finding by the court that "it was understood and agreed by and between the plaintiff and the defendant that each would be equally liable for one-half of the 1969 debt" was supported by the evidence and compelled a conclusion of law that defendant signed both notes as a comaker without any right as an accommodation maker.

APPEAL from *Braswell, Judge,* 28 August 1972 Session of Superior Court held in HARNETT County.

This is a civil action by one comaker of a negotiable promissory note to recover from the other comaker one-half of the total amount which plaintiff paid the payee in discharge of the note. In substance plaintiff alleged: On 10 February 1970 plaintiff and defendant executed a note in the amount of $20,000.00 payable one year after date to one Johnson. The note provided for quarterly installments of interest. As these became due plaintiff made demand on defendant to pay his proportional part but defendant refused to do so. Plaintiff paid each installment of interest and on 10 February 1971 paid the entire principal of $20,000.00 to the payee, who then assigned the note to plaintiff. Plaintiff made demand on defendant that he reimburse plaintiff for one-half of the amounts which plaintiff had paid Johnson on the note, but defendant refused to do so.

Defendant filed answer in which he admitted that he executed the note but alleged that the note was a renewal of a like note in the amount of $20,000.00 executed in February 1969, and that he "signed said note referred to in the complaint

at the request of the plaintiff and at no time received any proceeds of the same nor was it intended by the parties that he should benefit in any way from said note, and it was further understood that the defendant would not be indebted to the plaintiff in any manner as a result of signing said note; that he was simply an accommodation maker."

The parties waived jury trial. After hearing evidence offered by both parties, the trial judge signed judgment dated 28 August 1972 in which he made findings of fact, including the following:

"2. That the plaintiff and the defendant on February 10, 1970 executed and delivered to Robert Johnson their joint promissory note in the principal sum of $20,000.00 due one year after date bearing interest at the rate of six percent per annum; that said note was signed on the face thereof by the plaintiff and the defendant; that said note is under seal; that said note contains no language limiting the liability of the makers of said note either to the payee or to each other, said note being regular in all respects; that the note of February 10, 1970 was a renewal note of a similar note executed on February 10, 1969, by the same parties; that Robert Johnson, the payee, and the defendant never met each other until their appearance in this Court; that the plaintiff sent the entire proceeds of the 1969 note to the attorney for the defendant for purpose of opening up the Jumble Shop, Inc., (a clothing specialty shop in downtown Durham, N. C.) ; that in March 1969 the Jumble Shop, Inc. began to do business; that the interest on the 1969 note of $1200.00 was paid from monies of the Jumble Shop, Inc. to the plaintiff; that the Jumble Shop, Inc. is now in receivership.

"3. That at the time of the execution of the 1969 note, the plaintiff and the defendant agreed with one another that they jointly would borrow from Robert Johnson the sum of $20,000.00 and execute said note to him; that they would loan and did loan the proceeds of said note to the Jumble Shop, Inc., a North Carolina corporation which on or about February 10, 1969 was in business or about to engage in business in the City of Durham, North Carolina; that the proceeds of said note were, in fact, loaned by the plaintiff and the defendant to the Jumble Shop, Inc.; that

the plaintiff was at all times an officer, director and shareholder in the Jumble Shop, Inc.; that the defendant was at all times an officer, director and shareholder in the Jumble Shop, Inc.

"4. That it was understood and agreed by and between the plaintiff and the defendant that each would be equally liable for one-half of said 1969 debt to Robert Johnson, in the amount of $20,000.00.

"5. That the plaintiff paid to Robert Johnson all of the interest payments on said note of 1970 as they matured and became due, said interest being paid quarterly by the plaintiff to the said Robert Johnson; that the defendant made no interest payments whatsoever on said note of 1970 despite demands by the plaintiff.

"6. That the renewal note matured on February 10, 1971; that prior thereto the plaintiff demanded that the defendant pay his one-half of said note and one-half of the interest theretofore paid by the plaintiff to the payee in said note; that the defendant refused to do so; that the plaintiff thereupon paid the full amount of the principal to Robert Johnson, who on February 10, 1971, endorsed said note to the plaintiff."

On the findings of fact the court made the following conclusions of law:

"1. That for a valuable consideration the plaintiff and the defendant jointly executed and delivered to Robert Johnson their renewal promissory note in the sum of $20,000.00 dated February 10, 1970, due February 10, 1971, bearing interest at the rate of six percent per annum from date.

"2. That the consideration for said renewal note of February 10, 1970 was the agreement between the plaintiff and the defendant that the proceeds of the February 10, 1969 note would be loaned to the Jumble Shop, Inc., a North Carolina corporation in which both the plaintiff and the defendant were officers, directors and shareholders and in which both had a financial interest; and the payment of interest on the 1969 note with proceeds from the Jumble Shop, Inc.

"3. That the defendant, Marion Harris, was not an accommodation maker for the plaintiff in the execution of said note of February 10, 1970; that the defendant was jointly liable thereon to the payee named therein with the plaintiff.

"4. That the plaintiff having paid the principal and interest of said note to the payee, is entitled to recover one-half of the principal and one-half of the interest paid by him from his comaker."

Based on its findings of fact and conclusions of law, the court adjudged that plaintiff recover of defendant $10,000.00 principal and $600.00 interest, or a total of $10,600.00, with interest thereon from 10 February 1971.

The judgment was dated 28 August 1972 and was filed on 7 September 1972. On motion of defendant dated 21 September 1972, the trial judge signed an order dated 27 September 1972 making two additional findings of fact as follows:

"That the evidence showed that the Jumble Shop, Inc. executed a negotiable promissory note in the amount of $22,000.00 to Harry Schafran, individually, either in late February or early March, 1969.

"That the evidence showed that Robert Johnson, Payee of the original note of February 10, 1969, gave the said $20,000.00 to Harry Schafran five days before the original note of February 10, 1969 was signed by Marion Harris."

This order also added to the conclusions of law, as a first sentence to paragraph 3 of the conclusions of law, the following:

"That Marion R. Harris was an accommodation maker on the note dated February 10, 1969."

The order of 27 September 1972 did not modify the judgment of 28 August 1972 in any other respect. From the modified judgment, defendant appealed.

*Bryan, Jones, Johnson, Hunter & Greene by James M. Johnson; and Woodall, McCormick & Arnold by Edward H. McCormick for plaintiff appellee.*

*Pearson, Malone, Johnson & DeJarmon by C. C. Malone, Jr. and W. G. Pearson II for defendant appellant.*

PARKER, Judge.

A careful review of the evidence narrated in the record in this case reveals that, while the evidence was in some respects conflicting, there was competent evidence to support each of the specific findings of fact made by the trial court. These findings of fact are, therefore, conclusive on this appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 223. Appellant does not seriously contend otherwise but in his brief directs his argument primarily to his contention that the trial court erred as a matter of law in concluding that defendant was not an accommodation maker on the note dated 10 February 1970. In this connection the appellant argues that the trial court concluded, correctly in appellant's view, that defendant was an accommodation maker on the note dated 10 February 1969, and there being no evidence that the relationship of the parties changed upon execution of the renewal note which in effect only extended the time of payment, "the conclusion follows that the defendant was an accommodation maker on the renewal note upon which this suit is sought, and therefore is not liable to the plaintiff."

We might find appellant's argument persuasive but for the fact that in our opinion the conclusion of law which the trial court made, when it modified its judgment as originally signed, "[t]hat Marion R. Harris was an accommodation maker on the note dated February 10, 1969," is itself not supported by the specific findings of fact made by the court and, indeed, is directly contrary thereto. In finding of fact number 4 the court specificaly found "[t]hat it was understood and agreed by and between the plaintiff and the defendant that each would be equally liable for one-half of said 1969 debt to Robert Johnson, in the amount of $20,000.00." This factual finding was fully supported by plaintiff's testimony. While defendant testified to the contrary, the trial court resolved this conflict in evidence by finding plaintiff's version to be true. This specific factual finding will only support a conclusion of law that defendant signed both notes as comaker without any rights as an accommodation maker. In the judgment appealed from the trial court concluded as a matter of law that defendant was not an accommodation maker as to the 1970 note. This conclusion was supported by the court's factual findings and in turn supported the judgment rendered. The additional conclusion, to the effect that defendant was an accommodation maker as to the 1969 note,

which was made when the original judgment was modified and which in our view is not supported by the factual findings, was at most harmless error.

The judgment appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.